UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMIT LIVINGSTON, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-031 |
| | § | |
| USE OF FORCE & FIELD FORCE, | § | |
| ET AL., | § | |
| DEFENDANTS | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the "Prisoner's Civil Rights Complaint" filed by pro se prisoner Amit Livingston. Dkt. No. 1. For the reasons provided below, it is recommended that the Court **DISMISS** Livingston's Complaint for failing to state a claim within the jurisdiction of this Court, and for failing to comply with the Court's Order dated March 9, 2021. *See* Dkt. No. 4.

### I.  Procedural History

Livingston is an inmate at the H. H. Coffield Unit in Tennessee Colony, Texas. Dkt. No. 1 at 1.[1] This Court received his Complaint on March 5, 2021. *Id.* On March 9, 2021, the Court issued and Order and Notice. Dkt. No. 4. This Order and Notice informed Livingston that his Complaint was subject to dismissal if he did not pay the filing fee or

---

[1] Livingston lists his prisoner identification number as "TDCJ # 2006537." Dkt. No. 1 at 1. The inmate locator system for the Texas Department of Criminal Justice ("TDCJ") confirms that Amit M. Livingston is incarcerated at the H. H. Coffield Unit, and that he has a TDCJ number of: 02006537. *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=0770 7301 (last visited April 16, 2021).

comply with 28 U.S.C. § 1915(a)(1)-(2). *Id*. It also informed him that his Complaint was frivolous on its face and would be dismissed if he did not supplement it with facts in support of his claims by April 16, 2021. *Id*. As of this date, he has not paid the filing fee, complied with 28 U.S.C. § 1915(a)(1)-(2), or supplemented his Complaint with any additional facts. *See id*.

## II.  Legal Standards

**A.  42 U.S.C. § 1983.**  Section 1983 of Title 42 does not grant substantive rights. Instead, it provides a vehicle for a plaintiff to vindicate those rights that are protected by the United States Constitution and other federal laws. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Specifically, § 1983 provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a "person" acting under color of state law. *Id*. at 315. A plaintiff seeking § 1983 relief must show: (1) that the conduct complained of was committed under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1998)).

**B.  FED. R. CIV. P. 41(b)**. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be involuntarily dismissed when a party fails to prosecute or comply with the Federal Rules or a court order. FED. R. CIV. P. 41(b). The Court may execute the dismissal sua sponte, or pursuant to the motion of the opposing party. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 30 U.S. 626, 630-31 (1962)). Although pro se parties should be treated with

appropriate lenience, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)); *Garcia v. Keffer*, No. 7:11-MC-05, 2018 WL 6174203, at *1 (S.D. Tex. Oct. 4, 2018), *report and recommendation adopted*, No. MC M-11-05, 2018 WL 6173750 (S.D. Tex. Nov. 24, 2018) (same).

    **C. FED. R. CIV. P. 12(b)(1)**. "Federal courts are courts of limited jurisdiction[.]" *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curium) (citations omitted). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim for lack of subject matter jurisdiction when it lacks the constitutional or statutory power to adjudicate the claim. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court may dismiss an action for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).

    **D. FED. R. CIV. P. 12(b)(6).** Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read

in conjunction with Rule 8(a).  *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H–17–2021, 2017 WL 4155477, at *1 (S.D. Tex., 2017).  Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. 544, 570.  This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]"  *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  *Id*.  Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief.  *Id*. at 557.  A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]"  *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

### III. Discussion

Livingston's Complaint lists as defendants: (1) "Use of Force and Field Force;" (2) "State Disciplinary and Administrative Segregation;" (3) "B-Side Building Major (Administration);" (4) "Cameron County District Court (Abel Limas and Armando Villalobos);" and, (5) "FBI America's Most Wanted." *Id*. at 3. He states that "Use of Force and Field Force" is liable to him for fracturing his skull "with tools including rubber mallett, chisel, and sedation." *Id*. (errors in original). He states that "State Disciplinary and Administrative Segregation" is liable to him for "proportionality" and punishing him in an excessive and unwarranted way. *Id*. He does not clearly state what "B-Side Building Major (Administration)" is liable to him for, but he asks that it be ordered to release all "consent forms and agreements" related to his case. *Id*. Likewise, he does not specify the wrongful acts of "Cameron County District Court (Abel Limas and Armando Villalobos)," but he indicates that it/they should provide him with: "Correct Inmate Record in Law Library and Reentry, correct unit of assignment." *Id.* (errors in original). With respect to "FBI America's Most Wanted" he takes issue with "Federal Warrants" for his arrest and asks that the Court "release all charges." *Id*.

The remainder of Livingston's Complaint is similarly nonsensical. He suggests that his civil rights will be violated "Through identity Theft and misrepresentation by government" and "possibly illegal detention[.]" Dkt. No. 1 at 4 (errors in original). He claims that he fears for his safety because "suspect misidentification of defendants led to excessive punishment as well as a skull fracture using a rubber mallet and chisel under sedation[.]" *Id*. (errors in original). He asks that the Court verify his citizenship and review his judgment, sentence, and charges. He additionally asks that the Court order protective custody through the FBI because his family has problems with organized crime.

*Id.* ("Verify citizenship, current charges, Judgment of Conviction and Sentence to be correct and provide protective custody Through FBI as I fear family has problems with organized crime.") (errors in original).

On March 9, 2021, the Court issued and Order and Notice. Dkt. No. 4. In relevant part, the Order and Notice stated:

> The Court is in receipt of the pro se Prisoner's Civil Rights Complaint filed by Plaintiff Amit Livingston. Dkt. No. 1. Livingston has failed to pay the filing fee. He has also failed to file a motion to proceed without prepayment of fees with the required accompanying documents. *See* 28 U.S.C. § 1915(a)(1)-(2). In addition to these omissions, Livingston's Complaint appears frivolous on its face and fails to state a claim for relief. Accordingly, Livingston is **NOTIFIED that, on or before April 16, 2021, he must file a memorandum which provides the Court with all facts supporting his claims. Additionally, on or before April 16, 2021, Livingston is ORDERED to comply with 28 U.S.C. § 1915(a)(1)-(2), or pay the filing fee**. Livingston is **NOTIFIED that if he fails to comply with this Order and Notice, his Complaint will be subject to dismissal and the dismissal will likely count as a strike for purposes of 28 U.S.C. § 1915(g)**. *See* Rules 12(b)(1), 12(b)(6), and 41 of the Federal Rules of Civil Procedure. *See also* 28 U.S.C. § 1915(e)(2) and § 1915(g).

*Id.* at 1 (emphasis in original).

Livingston responded to this Order and Notice with a one-page letter. Dkt. No. 8. In the letter, he asserts that he cannot provide the Court with the facts supporting his claims because he suffers from memory loss. He asks that the Court interview the staff at the Coffield Unit to obtain the facts. *Id.* at 1. He also states that he has never filed an application to proceed in forma pauperis and asks the Court to accept "This payment of $200" instead, so that he may avoid dismissal of his Complaint. *Id.* Neither this Court, nor the Clerk of Court, has received any payments from Livingston. *See* Docket Clerk Note for Dkt. No. 8 dated April 13, 2021 (stating that "$200 was not received from Amit Livingston as indicated [in his] letter"). Although he attaches a document which appears

to be a money order form, the form is incomplete and does not contain a money order number. Dkt. No. 8-1.

On the same day the Court received Livingston's instant Complaint, it also received a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus from Livingston. *See Amit Livingston v. Bobby Lumpkin*, Civil Action No. 1:21-cv-032, Dkt. No. 1. Livingston's Petition makes some of the same assertions he makes in this case. *See id*. at 6-7. On March 9, 2021, United States District Judge Fernando Rodriguez, Jr., issued an Order dismissing Livingston's Petition without prejudice because Livingston had failed to exhaust his state habeas remedies. *Id*., Dkt. No. 4 (noting that "Livingston currently has a petition for writ of habeas corpus pending in the Texas Court of Criminal Appeals"). Thus, to the extent that Livingston's instant Complaint is an attempt to challenge his conviction or sentence, or otherwise obtain habeas corpus relief, his Complaint is subject to dismissal without prejudice for the reasons provided in Judge Rodriguez's Order.

To the extent that he is challenging the conditions of his confinement or any other type of civil rights violation, Livingston has failed to comply with the Court's Order dated March 9, 2021. *See* Dkt. No. 4. He has also failed to state a claim within the jurisdiction of this Court. "Use of Force and Field Force" is not a recognizable person or entity, much less an actor acting under color of state law. Therefore, his claim that this alleged defendant injured him with tools and sedation is not a cognizable § 1983 claim. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (A plaintiff seeking § 1983 relief must show: (1) that the conduct complained of was committed under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1128). His other allegations are similarly frivolous, as stated, and fail to assert a cognizable § 1983 claim. *See id*.

For the foregoing reasons, then, Livingston's Complaint is subject to dismissal pursuant to Rules 12(b)(1), 12(b)(6), and 41(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. Rules 12(b)(1), 12(b)(6), and 41(b). Further, although the Court could allow Livingston additional time to comply with the Court's Order dated March 9, 2021, doing so would not serve the interests of justice or efficiency. Livingston is imprisoned at the H. H. Coffield Unit in Tennessee Colony, Texas. Dkt. No. 1 at 1. The H.H. Coffield Unit is in Anderson County, Texas. Anderson County Texas is served by the Tyler Division of the Eastern District of Texas, not the Brownsville Division of the Southern District of Texas. Therefore, allowing Livingston additional time to comply with the Court's Order dated March 9, 2021 would serve no useful purpose.[2]

## IV. Recommendation

It is recommended that the Court **DISMISS** Livingston's Complaint for failing to state a claim within the jurisdiction of this Court, and for failing to comply with the Court's order dated March 9, 2021. *See* Dkt. No. 4; FED. R. CIV. P. Rules 12(b)(1), 12(b)(6), and 41(b).

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

---

[2] In the future, should Livingston wish to assert a nonfrivolous claim challenging his conditions of his confinement or any other civil rights violation caused by his custodians, he is **NOTIFIED** that he should file his claims in the District of his incarceration, which is currently the United States District Court of the Eastern District of Texas, Tyler Division. Livingston is further **NOTIFIED** that the filing of frivolous complaints in the future will likely subject him to sanctions.

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    **SIGNED** on this **19th** day of April, 2021, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge